182 P.2d 915

STATE v. KING.

No. 962.

Supreme Court of Arizona.

July 7, 1947.

Lewkowitz & Wein, of Phoenix, for appellant.

John L. Sullivan, Atty. Gen., and William P. Mahoney, Jr., Asst. Atty. Gen., for appellee.

## LaPRADE, Justice.

The defendant was convicted of the crime of grand theft, a felony, and, after judgment was pronounced, perfected this appeal. The information charged that he fraudulently appropriated a console model combination radio, the personal property of one Hortensia Cortez that had been previously entrusted to him. The information was grounded upon a proper complaint and commitment from a magistrate. Prior to these proceedings the defendant had been charged on the identical set of facts, held to answer, and an information filed against him. A motion to quash this information was sustained at which time the county attorney asked leave to file an amended information, which motion was denied. Thereupon defendant's bail was exonerated and he was released from custody. Subsequent thereto a new complaint was filed before a magistrate upon which he was held to answer, the information filed, and the conviction had as above indicated. Prior to trial defendant moved to quash the second information upon the ground that the dismissal of the first information without leave to file a new information constituted a bar against any subsequent prosecution for the identical facts alleged to be an offense. This motion was denied and constitutes one of the assignments of error for this appeal. Briefly the fact situation is as follows.

The prosecuting witness, a Mexican woman, testified that the defendant came to her house and asked her if she had a radio that needed repair; that she did not sufficiently understand English to conduct any negotiations with him; that she secured the services of an interpreter; that the defendant secured the radio phonograph from her upon the representation that he would repair it and return it in three days; that she was asked to sign a blank document which defendant explained was necessary to enable him to secure parts under certain O.P.A. regulations; that defendant failed to return the machine; that she and her friend went to the address that he had given as his place of business and discovered that he did not have a place of business or work at the address given; that they proceeded into the next block and accidentally ran into him; that they followed him into his home and there discovered the radio which apparently was in good working order and was then being played. The prosecuting witness called a

deputy sheriff and made complaint. Defendant testified that he purchased the machine from Mrs. Cortez, and exhibited what purported to be a receipt showing that he had purchased the machine and that the consideration paid and received was $90. The prosecuting witness denied that she had signed any receipt and testified that the only document she had signed was the blank document above referred to. She testified positively that she made no sale and received no money from defendant. It was upon this evidence that the jury found the defendant guilty.

Defendant has assigned as error the refusal of the trial court to direct a verdict of not guilty upon the theory that the material allegations of the information were not proved beyond a reasonable doubt. It is the contention of defendant that this motion should have been granted in that the weight of the evidence disclosed that defendant had purchased the machine and had not embezzled it. He challenged the sufficiency of the proof "(a) to warrant its submission to the jury because the elements of the crime were not proved beyond a reasonable doubt; (b) to warrant a verdict and judgment of guilty." These contentions hardly merit consideration.

■ To begin with, it is not the law that the court should direct a verdict for the defendant if "the elements of the crime are not proved beyond a reasonable doubt." On the subject of directed verdicts, section 44-1835, A.C.A.1939, announces the rule. It reads as folows:

"If, at the close of the evidence for the state or at close of all the evidence in the cause, the court is of the opinion that the evidence is insufficint (insufficient) to warrant a conviction, it may, and on the motion of the defendant shall, direct the jury to acquit the defendant."

■ The evidence is sufficient where it discloses facts from which the jury may legitimately deduce either of two conclusions, Gibbs v. State, 48 Ariz. 25, 58 P.2d 1037; Plemons v. State, 53 Okl.Cr. 263, 10 P.2d 285, and where there is substantial evidence that defendant committed the crime of which he is accused. State v. Ellison, 19 N.M. 428, 144 P. 10. The weight and sufficiency of the evidence are matters for the jury, whose decision on disputed facts is final. Antone v. State, 49 Ariz. 168, 65 P.2d 646; 23 C.J.S., Criminal Law, § 1138.

■ It is apparent from the record in this case that, regardless of a preponderance one way or the other, there was a substantial conflict of evidence. The state showed that King fraudulently embezzled the radio; the defendant made a showing that he purchased it. The jury was entitled to receive the case if the evidence was legally sufficient to be submitted to the jury, which was a question of law for the court. 23 C.J.S., Criminal Law, § 1138. We are of the opinion that the evidence is

completely sufficient to sustain the verdict and that the trial court rightly denied the motion for a directed verdict.

■ We shall now consider the effect of the dismissal of the first information without leave to amend. Defendant submits as a proposition of law that when an information is dismissed or quashed by the court without leave to amend and file an amended information, the denial of a motion to quash a second information based upon the identical fact situation constitutes prejudicial error. We have not been cited to any authority to substantiate this contention. This case was submitted without oral argument and we have not had the opportunity to interrogate counsel. In the briefs it is suggested that a second prosecution is prejudicial; that sustaining the motion to quash the first information has the effect of exonerating defendant; that he has been put in jeopardy; and that the state is barred from attempting a second prosecution. These contentions of appellant in this regard arise from a loose and isolated interpretation of section 44-1013, A.C.A.1939, which, as its title indicates, deals with the "effect of sustaining the motion to quash." The effect, as the statute itself provides, is, among other things, to result in the *discharge from custody* of defendant if the court does not order that another information be filed. The rule reads as follows:

"If the motion to quash is sustained the court may order that another information be filed on (or) that (the) matter be again submitted to a grand jury, or if the matter is such that an information might have been filed against the defendant if he had not been indicted, that an information be filed for the offense charged in the indictment. If one of the aforementioned orders is made the defendant, if in custody, shall remain so unless he shall be admitted to bail. *If such order is not made* or if having been made a new indictment is not found by the same or next succeeding grand jury having authority to inquire into the offense, or another information not filed within a time to be specified in the order, or within such further time as the court may allow for good cause shown, *the defendant, if in custody, shall be discharged therefrom,* unless he is in the custody on some other charge; if he has been released on bail he and his sureties are exonerated and if money or bonds have been deposited as bail such money or bonds shall be refunded." (Emphasis supplied.)

That this is the meaning of section 44-1013 is conclusively indicated by the next section, 44-1014, which reads as follows:

"An order sustaining the motion to quash is not a bar to another prosecution for the same offense unless the motion was based on the grounds specified in section 208 (§ 44-1005), subsection 1, clause (f), (g) or (i)."

Clauses (f), (g), and (i) of subsection 1, section 44-1005, A.C.A.1939, are as follows:

"(f) That the defendant has been convicted or in jeopardy of conviction or acquitted of the offense charged.

"(g) That the defendant has been pardoned of the offense charged."

"(i) That the defendant has been granted immunity by law from prosecution in the cause."

In only the three instances (f, g, and i) is the effect of a successful motion to quash determinative of the right to further prosecution. Since none of these grounds was the basis of defendant's original motion to quash, it appears by the terms of section 44-1014, supra, that the state's right to further prosecution was preserved.

 Appellant has assigned as error the order of the trial court in permitting Hortensia Cortez to testify when her name had not been endorsed on the back of information. On the face of the information it appeared that the property alleged to have been embezzled belonged to and was the personal property of Hortensia Cortez. The name of one of the witnesses endorsed on the back of the information was "Mrs. Hortensia." At the time Hortensia Cortez was called to testify an objection was interposed that her name was not endorsed on the back of the information and that she could not legally be used as a witness. For the protection of those accused of crime and so that no undue advantage be taken of them, this court has adopted certain rules providing for notice to insure that one legally charged and called to answer shall know the names of those persons whom the state proposes to call as witnesses to establish his guilt. The rule as contained in section 44-759, A.C.A.1939, reads as follows:

"Names of witnesses to be indorsed on indictment or information.—When an indictment or information is filed, the names of all the witnesses or deponents on whose evidence the indictment or information was based shall be indorsed thereon before it is presented, and the county attorney shall indorse on the indictment or information at such time as the court may by rule or otherwise prescribe the names of such other witnesses as he purposes to call. A failure to so indorse the said names shall not affect the validity or sufficiency of the indictment or information, but the court in which the indictment or information was filed shall, upon application of the defendant, direct the names of such witnesses to be indorsed. No continuance shall be allowed because of the failure to indorse any of the said names unless such application was made at the earliest opportunity and then only if a continuance is necessary in the interest of justice."

By virtue of the authority contained in the rule of this court—section 44-759, supra—the superior court of Maricopa County adopted a supplemental rule effective July 1, 1943, which provides as follows:

"The names of all witnesses intended to be used by the State in the trial of any

criminal case, except witnesses in rebuttal, must, without demand on behalf of defendant, be endorsed on the information or indictment at least five days before the date of trial. Should the State desire to use any witness discovered subsequent to said five days, and which could not have been with due diligence discovered prior thereto, the names thereof shall forthwith be endorsed on the information, and the defendant advised of such endorsement. The Court may, in its discretion, refuse to permit the use of such subsequent witnesses, or grant the defendant a continuance, as the ends of justice demand."

Counsel for appellant seriously contend that no witness may testify against a defendant when his name has not been endorsed on the back of the information. They further suggest that when a belated endorsement has been made the court may in its discretion do two things: First, refuse to permit the use of the witness whose name has been subsequently endorsed; or, second, grant the defendant a continuance. They claim in the instant case no attempt was made to secure a delayed endorsement of the name of Hortensia Cortez. The trial court was of the opinion that in view of the fact that the name of the witness appeared in the charging part of the information as the party alleged to have been defrauded no undue advantage would be taken of defendant and that there was no element of surprise or undue advantage visited upon defendant in allowing this

witness to testify. Under these rules no person is made ineligible or disqualified as a witness by virtue of the fact that his name is not endorsed on the information. These rules do not in express terms provide that the effect of a failure to endorse the name of a witness disqualifies the unnamed person as a witness. We do not feel that the rules are susceptible of the interpretation contended for by appellant that a person whose name is not endorsed is absolutely disqualified from being a witness. The state may be penalized for failure to endorse the name of a witness for the court may in its discretion refuse to permit the use of an unendorsed witness as the ends of justice demand, or it may grant a continuance. This discretion is not an arbitrary one but rather a legal discretion to be exercised to effect the ends of justice. Should a witness be called whose name is not endorsed on the information, the defendant cannot be heard to complain if he does not announce surprise and is not able to convince the court that in view of all the circumstances it would be unjust to compel him to proceed in his defense. For a defendant to suggest surprise upon being confronted with his alleged victim is naive to say the least. The purport and intention of these rules is to enable one accused of crime to prepare adequately and advisedly for his defense. They are not meant to provide an avenue of escape. The defendant not having asked for a continuance, it is difficult to discern wherein he was preju-

diced by the order of the court permitting the witness to testify.

 One of the assignments of error is to the effect that the county attorney was guilty of misconduct in asking leading questions which prejudiced the cause of defendant. The leading questions referred to were propounded to the witness Hortensia Cortez through an interpreter. Appellant has not specifically pointed out any particular leading question that was prejudicial. He merely complains that the entire course of questioning was prejudicial and dumps the problem into the lap of this court. We are asked to use our ingenuity to discover wherein the leading questions were prejudicial. We have carefully examined the transcript of the testimony and it does appear that the prosecuting attorney, the court, and the interpreter had some difficulty in unraveling the woof and warp of the complaint of the prosecuting witness. The general rule is that a certain amount of leading of a witness is permissible where the witness is young, or ignorant of the proceedings, or palpably frightened, or unable to understand the English language. The general rule is that:

"It is usual and proper for the court to permit leading questions in conducting the examination of a witness who is * * * unable to speak or understand the English language." 70 C.J. p. 531, and cases cited in note 10.

It is within the sound discretion of the trial court to permit leading questions when it appears that the ends of justice will be subserved thereby. Appellant has not specifically indicated to us any injustice in the trial court's conduct of the examination of the complaining witness. We have repeatedly said that no case will be reversed because of technical errors not amounting to a depredation of substantial justice. Hoy v. State, 53 Ariz. 440, 90 P.2d 623. It is not amiss to observe that no case was ever so perfectly tried that it was not subject to some criticism. The record is remarkably free from any error worthy of more than cursory consideration.

The judgment is affirmed.

STANFORD, C. J., and UDALL, J., concur.