240 P.2d 1202

STATE v. CHITWOOD.

No. 1016.

Supreme Court of Arizona.

Feb. 25, 1952.

316

Article 2, section 19, of the constitution reads as follows: "Any person having knowledge or possession of facts that tend to establish the guilt of any other person or corporation *charged with bribery or illegal rebating*, shall not be excused from giving testimony or producing evidence, when legally called upon to do so, on the ground that it may tend to incriminate him under the laws of the state; but no person shall be prosecuted or subject to any penalty or forfeiture for, or on account of, any transaction, matter, or thing concerning which he may so testify or produce evidence." (Emphasis supplied.)

Fred O. Wilson, Atty. Gen., Earl Anderson, Asst. Atty. Gen., Robert Morrison, Co. Atty., Pima Co., Morris K. Udall, Chief Deputy Co. Atty., Tucson, for appellant.

Scruggs, Butterfield & Rucker, Tucson, for appellee.

## PER CURIAM.

Upon the original hearing in this cause the claimed immunity of the defendant from prosecution under the provisions of article 2, section 19, of the state constitution was predicated upon the assumption of counsel, both for the state and for the defendant, that the provisions applied to witnesses testifying before a grand jury. As shown in the original opinion, defendant was so advised by counsel for the state, before he was called upon to testify before the grand jury.

The question presented to the court was: Is the constitutional provision above quoted self-executing or was the defendant required to claim his constitutional privilege in order to secure immunity under its terms? The defendant claimed it was self-executing and no claim of constitutional privilege therefore was necessary. The state took the opposite view. The same argument was extended to the provisions of section 43–2715, A.C.A.1939.

We believe both provisions are self-executing and therefore that a claim of privilege under article 2, section 10, of the state constitution is unnecessary to obtain immunity of witnesses when called upon to testify concerning offenses denounced therein for the reason that under the immunity statute any testimony they give under compulsion concerning any re-

lated offense is not incriminating. Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652; Ex parte Critchlow, 11 Cal.2d 751, 81 P.2d 966. We will discuss this subject more fully later. Suffice it to say at this point that there are decisions supporting both contentions but we believe the majority view to the effect that such privileges are self-executing to be the better and sounder rule and should be followed in this jurisdiction.

■ Whether our failure to observe the import of the words *"charged with bribery or illegal rebating"* contained in article 2, section 19, supra, when we had this constitutional provision before us on the original hearing, was due to a quirk of the mind or to a lack of perspicacity, we will not undertake to answer but whatever the cause, the words now stand out in full relief and convince us that the immunity granted therein applies only to witnesses called upon to testify against a defendant who has then been *"charged with bribery or illegal rebating,"* and therefore have no application whatever to witnesses testifying before a grand jury. Its investigation may or may not result in anyone being charged with bribery or illegal rebating. In fact none was found in the instant case. In People v. Shawn, 125 Cal.App. 55, 13 P.2d 866, it was held that the word "charged" as used in the penal code means a formal complaint; and in People v. Garnett, 129 Cal. 364, 61 P. 1114, 1115, the court said: " * * Mere general rumors and common talk that

a party has committed a felony are wholly insufficient to fill the measure required by the word 'charged.'"

In Ex parte Morgan, D.C., 20 F. 298, 308, it was said: " * * * Charged with crime, in legal parlance, means charged in the regular course of judicial proceedings. * * *"

See Vol. 6, Words and Phrases, page 571, under title Charge—in Criminal Law. We found but one jurisdiction holding to the contrary. In the case of Scribner v. State, 9 Okl.Cr. 465, 132 P. 933, 936, it is said: " * * * we are of the opinion that a grand jury investigation of a crime comes within the purview of the term 'charged with an offense,' as used in section 27 of the Bill of Rights * * *", citing Hale v. Henkel, supra. This case does not support the rule laid down in the Scribner case, supra. It simply holds that a grand jury has the power to conduct investigations before any complaint, information or indictment is laid before it as required under the English common law. As indicated in Words and Phrases, supra, the rule laid down in the Scribner case is contrary to the general rule and with due deference to that court we believe it to be unsound. We therefore acknowledge error in our interpretation of article 2, section 19, to the effect that it gave immunity to witnesses testifying before a grand jury for the reasons above stated.

■ We will now proceed to a review and reconsideration of section 43–2715, su-

pra, which reads as follows: "No person shall be exempt from testifying concerning any offense mentioned in this article on the ground that such testimony may incriminate him; but no prosecution can afterwards be had against him for any offense concerning which he testified."

We have above declared that this section is self-executing and requires no claim of constitutional privilege to secure immunity under its provisions. Let us further observe that it differs from article 2, section 19, of the constitution, supra, in that under its provisions it applies to testimony given by a witness whether a formal charge has been preferred against the person against whom he is testifying or not.

An analysis of the language we used in our original opinion relating to this section seems to us to be more restricted than we had intended it to be. In that opinion we construed the language in section 43–2715 and in article 2, section 19, supra, relating to immunity to mean practically the same thing. We there said [73 Ariz. 161, 239 P. 2d 353, 359]: "* * * Section 43–2715, A.C.A.1939, relates to gaming and bucket shops and the immunity given therein is limited to the offenses enumerated in that article. The same rule applies as well to section 19, article 2, of the constitution, supra, * * *."

We further stated that a witness required to testify under the provisions of article 2, section 19, supra, was immune: "* * * from prosecution for bribery or any other offense he was required to disclose in testifying to facts which tended to establish the guilt of any other person or corporation charged with bribery. * * *"

In other words we said in effect that he was not only immune from prosecution for bribery but he was immune from prosecution for any offense in the proof of which such testimony is material in a prosecution against him. Stating it in still another way, if any testimony the witness gives under compulsion in a hearing where a defendant is charged with bribery, is material in the prosecution of that witness for an offense substantially connected with bribery he is immune from such prosecution. Therefore what we should have said with reference to section 43–2715, supra, was that when a witness is required to testify to facts relating to or concerning the offenses denounced in that article, he is immune from prosecution for any offense substantially connected therewith and in the proof of which such testimony is material.

In Ex parte Williams, 127 Cal.App. 424, 16 P.2d 172, decided in 1932 the court construed section 334 of Deering's California Penal Code of 1949 which reads as follows: "No person, otherwise competent as a witness, is disqualified from testifying as such concerning *the offense of gaming*, on the ground that such testimony may criminate himself; but no prosecution can afterwards be had against him *for any offense concerning which he testified*." (Emphasis supplied.)

This section of the statute was enacted in 1872. The court said in that case that what the statute means is " * * * that a witness called to testify to facts concerning or relating to the offense of gaming can safely testify for the reason that he is forever free from the possibility of punishment for any crime in the proof of which such testimony would be material. Such a construction is literally what the statute says, and it preserves the whole meaning and intention thereof. Such construction brings the statute within the rule that it must be co-extensive with the Constitution." See Ex parte Critchlow, supra.

Counsel for the state argues that the California statute differs from ours and therefore the Williams case, supra, is not in point. Let us see if the difference in the statutes justifies the differentiation between the Williams case and the one before us. The California statute relates to testimony *"concerning the offense of gaming"* and renders the witness immune from prosecution for *"any offense concerning which he testified."* Our statute relates to testimony *"concerning any offense mentioned in this article"*, and renders the witness immune from prosecution for *"any offense concerning which he testified."* The portions of the two statutes relating to immunity are identical and give the witness immunity from *"any offense concerning which he testified."* The California statute requires the witness to tesitfy *"concerning the offense of gaming."* The Arizona statute requires the witness to testify *"concerning any offense mentioned in this article."*

Article 27 of which section 43-2715 is a part, is entitled "Gaming and Bucket Shops" and covers every form of gaming denounced in the statutes of the state. Therefore the words *"concerning any offense mentioned in this article"* insofar as "gaming" is concerned refers to identically the same character of offenses, to wit, "gaming" as that word is used in the California statute. The only difference between the two statutes is that articles 27 in addition to denouncing gaming of every character in Arizona also covers bucket-shop operations. It follows, therefore, that if the construction placed upon the California statute is sound, a similar construction placed upon our own statutes is sound. The indictment in the instant case against the defendant charged him with conspiracy to operate a gambling casino in Pima County and that in furtherance of such conspiracy he and his coconspirators did operate gambling games known as dice, roulette, twenty-one, etc., in violation of section 43-2701, A.C.A.1939.

In order to prove the conspiracy charged it was not only necessary for the state to prove the agreement between Chitwood and one or more persons to operate a gambling casino but under the allegations of the indictment and under the statute of the state relating to conspiracy it was necessary that he prove the overt act

alleged in the indictment, to wit, that he or he and his coconspirators did operate a gambling game in said casino. Chitwood was required under compulsion to testify to the fact that he and his coconspirators had operated gambling games, or at least a gambling game. The testimony given by him before the grand jury to the effect that he or he and his associates had operated a gamblinng game in the place named in the indictment was testimony material to his prosecution in the conspiracy here under consideration, and substantially connected with gaming denounced in article 27, A.C.A.1939. Proof of the overt act alleged in the indictment was as essential to the proof of the charge contained therein as evidence concerning the agreement to operate a gambling casino. Counsel for the state argues that he could have made this proof by other witnesses and asserts that he did make it in the trial of the case independently of the testimony of the defendant given before the grand jury. But that is immaterial. Under section 43–2715, supra, if he is required to give testimony which was material to his prosecution on the conspiracy charge, he is immune from prosecution for conspiracy whether his testimony is used or not. In line with these views we cite the case of United States v. Monia, 317 U.S. 424, 63 S.Ct. 409, 412, 87 L.Ed. 376, concerning the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, providing that no person should be prosecuted or subject to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may testify or produce evidence in any proceedings, suit, or prosecution, etc. The court said in that case: " * * * Congress evidently intended to afford Government officials the choice of subpoenaing a witness and putting him under oath, with the knowledge that he would have complete immunity from prosecution respecting *any matter substantially connected with the transactions in respect of which he testified,* or retaining the right to prosecute by foregoing the opportunity to examine him. That Congress did not intend, or by the statutes in issue provide, that, in addition, the witness must claim his privilege, seems clear. * * *" (Emphasis supplied.)

In construing the same statute Justice Holmes in Heike v. United States, 227 U.S. 131, 33 S.Ct. 226, 228, 57 L.Ed. 450 said: " * * * When the statute speaks of testimony concerning a matter it means concerning it in a substantial way, just as the constitutional protection is confined to real danger, and does not extend to remote possibilities out of the ordinary course of law. (Citing cases.) * * *"

Thus it will be seen from the latter case that the mere fact that the witness may testify to some crime remote from or not substantially connected with the offense concerning which the witness is called upon to testify he is not entitled to immunity.

The Supreme Court of the United States in interpreting the 5th amendment to the Federal Constitution has repeatedly held that the privilege afforded under the provisions of that amendment not only extend to answers that would in themselves support a conviction under a Federal criminal statute *but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a Federal crime.* The latest pronouncements of the U. S. Supreme Court on this subject are found in Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118; Blau v. United States, 340 U.S. 159, 71 S.Ct. 223, 95 L.Ed. 170.

■ We believe it is fair and reasonable to apply the principle affirmed in the Hoffman and Blau cases, supra, to state constitutional and statutory provisions giving immunity to witnesses testifying under compulsion against another person and hold that such witnesses are immune from prosecution for any offense substantially connected therewith if any testimony they are compelled to give in such a proceeding constitutes or furnishes a link in the chain of evidence needed to prosecute such witnesses thereafter charged with a crime concerning which they were required to testify. We believe this to be sound especially under the rule laid down in Hale v. Henkel, supra, in which the court said [201 U.S. 43, 26 S.Ct. 376]: "The interdiction of the

5th Amendment operates only where a witness is asked to incriminate himself,— in other words, to give testimony which may possibly expose him to a criminal charge. But if the criminality has already been taken away, the amendment ceases to apply. * * *"

The court there was considering the effect of a Federal statute giving immunity to witnesses testifying before the grand jury concerning the Sherman Anti-Trust Act. Also see Ex parte Critchlow, supra.

The cases of People v. Anhut, 162 App. Div. 517, 148 N.Y.S. 7, and People v. Cummins, 153 App.Div. 93, 138 N.Y.S. 517, cited by the state in its motion for rehearing, furnish no aid to the court in the interpretation of the statute under consideration. Provisions of the statute and the constitution under consideration in those cases were entirely different from the one here involved.

We therefore hold that under the provisions of section 43–2715, supra, defendant is immune from prosecution for the crime of conspiracy to operate a gambling casino in Pima County for the reason that he was required, under compulsion, to give testimony before the grand jury concerning gambling or gaming which was substantially connected with the offense of conspiracy to operate a gambling casino and that the evidence given therein is material to his prosecution on the charge of conspiracy.

With the modification hereinabove indicated our former opinion is, in all other respects, reaffirmed.

UDALL, C. J., and STANFORD, PHELPS, DE CONCINI and LA PRADE, JJ., concur.