385 P.2d 709

**STATE of Arizona, Appellee,**

**v.**

**Ernest Melvin RANDALL, Appellant.**

**No. 1280.**

Supreme Court of Arizona.

En Banc.

Oct. 17, 1963.

Arthur L. Hirsch and Richard L. Mc-Anally, Tucson, for appellant.

Robert W. Pickrell, Atty. Gen., Norman E. Green, County Atty. of Pima County, Carl Waag, Deputy County Atty., for appellee.

JENNINGS, Justice.

Ernest Melvin Randall, hereinafter called appellant, was convicted of murder in the

first degree and sentenced to life imprisonment. From the conviction and sentence he appeals.

Appellant's first assignment of error directs attention to the order of the trial court overruling his pre-trial motion to suppress the alleged murder weapon. Appellant contends that the revolver which was introduced and used to secure the conviction was obtained through an illegal search and seizure.

On February 23, 1962, at about 11:45 p. m. appellant was arrested for the fatal shooting of Rufus Jones. Shortly thereafter appellant informed the arresting officers that he had given the gun to Lena Leeper and that she was in her automobile parked around the corner. The officers proceeded to this location, arrested Leeper and seized the revolver from her possession. All of this happened without the officers having acquired a search warrant.

Appellant contends that the only theory upon which this court could uphold the validity of the seizure of the weapon would be that it was "incidental to a valid arrest" of Leeper; that upon the motion to suppress the only evidence before the court was the uncontradicted testimony of Leeper that the officers searched her, seized the gun and then arrested her in that sequence; that the search therefore was not "incidental to an arrest" but that in actuality the arrest was made as a result of an illegal search and seizure.

■ We find it unnecessary to discuss this contention. To determine the legality of a search and seizure, we will consider the evidence adduced at the trial as well as the evidence presented upon the motion to suppress, Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). Sergeant Ahrens testified at the trial that they arrested and searched Leeper in that order.

■ The officers had a reasonable ground to arrest Leeper. Having good information that she was in possession of the gun, they were entitled to arrest her for carrying a concealed weapon "without a warrant at any time of the day or night," A.R.S. § 13–911(B).

As an incident of a legal arrest the search was lawful and not within the ambit of the Fourth Amendment of the U. S. Constitution. The trial court ruled properly on the motion to suppress.

■ Appellant's final assignment of error relates to the reading over his objection of an instruction to the effect that "when one voluntarily enters into a difficulty with deceased for vengeful reasons he thereby forfeits his privilege of self-defense unless he has endeavored in good faith to withdraw." Appellant contends there was not any evidence that he was seeking revenge upon which such instruction could be predicated. In a criminal case instructions must be based on some theory which may be

found in the evidence and when not so predicated, they should not be given, as their tendency would be to mislead the jury. Macias v. State, 36 Ariz. 140, 283 P. 711 (1929). Upon reviewing the record we find from the testimony of Officer Lugo and from the statement of appellant that there was sufficient evidence upon which to predicate the instruction given. The testimony was that deceased had earlier in the evening cut appellant with a knife and that later appellant shot deceased without any provocation. Appellant's contention that the instruction given was not a true statement of the law is without merit.

Judgment affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concurring.