398 P.2d 924

The STATE of Arizona, Appellee,

v.

Rupert BACA, Appellant.*

No. 1 CA–CR 1.

Court of Appeals of Arizona.
Feb. 9, 1965.
Rehearing Denied March 3, 1965.
Review Denied March 16, 1965.

Robert W. Pickrell, former Atty. Gen., Darrell F. Smith, Atty. Gen., by Jerry W. Lawson, Asst. Atty. Gen., for appellee.

Skousen, McLaws & Skousen, by Richard E. Skousen, Mesa, for appellant.

DONOFRIO, Judge.

Appellant Rupert Baca was convicted of two counts of Burglary. On this Appeal he contends that the Court erred in permitting the introduction of evidence which he claims was obtained by an illegal search and seizure.

On the evening of January 21, 1963, a physician parked his car on the Y.M.C.A. parking lot in Phoenix, leaving exposed in the car a physician's bag. The next morning he discovered his car had been broken into and the bag as well as other items were missing. On the night of January 22, 1963, the Capitol School in Phoenix was also burglarized of two typewriters and a radio.

Officer Newton, of the Phoenix Police Department testified that on the evening of January 22, 1963, he received a telephone call at about 10:00 P.M. from an informer whose name was disclosed at the trial, whose information the officer had acted upon in the past and had proven to be reliable. Said informer told Officer Newton that the defendant and two other men had shortly before been at a local bar, and had told the informer they had burglarized a school and that they had two typewriters

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 1404. The matter was referred to this Court pursuant to Section 12-120.-23 A.R.S.

and a radio. Said informer advised the officer that the defendant had also told him that he had a doctor's bag that had been stolen from a car. The informer further informed the officer that he had accompanied the three men to the defendant's house and the items had been placed in a storage room at the rear of the house. The informer also told the officer that the men would attempt to sell the items next morning in second hand stores, and the defendant would be in a blue 1950 or 1951 Chevrolet car with red wheels.

On the way to work the next morning (January 23, 1963) at approximately 8:30 A.M. Officer Newton heard a report on his car radio that a police car was being dispatched to investigate a burglary at the Capitol School. Later he learned that two typewriters and a radio were taken from the school. Upon receipt of the last information Officer Newton and two others went to the defendant's house and were met by a young lady who identified herself. They then made an unproductive search, without a warrant, of the storage room in the rear of his house. This was about 10:00 A.M. They then proceeded to downtown Phoenix, where they saw defendant and two others getting out of a blue Chevrolet car with red wheels. The officer questioned the defendant about the possible possession of certain stolen articles in his car, to which the defendant denied all knowledge; that he asked the defendant if he could look into his car, to which the defendant replied "yes"; that he found nothing in the seats. The officer then asked if he would open the car trunk, to which the defendant replied that he could not; that it would not work. The officer then walked to the trunk, pulled the latch and the trunk opened, revealing the stolen items. The defendant, with the others, was then placed under arrest and taken to the Police Station. The property seized from the automobile was later admitted (over timely objection and a motion to suppress) in evidence at the trial.

■ The prior decisions of our Supreme Court permitting evidence obtained in violation of the constitutional guarantees were overruled and we are now committed to the law that evidence obtained in violation of these rights is not admissible in our Courts in prosecutions against individuals whose rights have been violated. State v. Pina, 94 Ariz. 243, 383 P.2d 167 (1963), Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

The State defends the search of defendant's automobile upon the grounds that the circumstances were such that the police officer had probable cause to search the automobile without a warrant.

■ The Constitution of the United States (Amendment IV) and the Arizona Constitution (Article II, Sec. 8, A.R.S.) do not prohibit all searches and seizures, but only those that are unreasonable. What constituted a reasonable search and seizure must be decided on the facts and circumstances of each particular case, rather than by a fixed standard or formula. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950); Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1946) reh. den. 331 U.S. 867, 67 S.Ct. 1527, 91 L.Ed. 1871. Much of the evidence relied upon by the arresting officer prior to the search and seizure was in the nature of hearsay through an informer.

For years the federal courts adhered to the rule that only evidence which would be competent in the trial of the offense before a jury was sufficient as a basis for probable cause. The authority chiefly cited for this proposition was the dictum in Grau v. United States, 287 U.S. 124, 53 S.Ct. 38, 77 L.Ed. 212 (1932). But the principles underlying that proposition were thoroughly discredited in Brinegar v. United States, 338 U.S. 160 at 172–174, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949), cited in Draper v. United States, 358 U.S. 307 at 312, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). In the Draper case, ante, it was held that hearsay corroborated by other knowledge the officer possessed as sufficient basis for probable cause to support a search without a warrant. It also held that probable cause to search may be founded upon hearsay given by a reliable inform-

er. Draper v. United States supra; Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); United States v. Prince (6th Cir. 1962) 301 F.2d 358 (1962); Costello v. United States (9th Cir. 1962) 298 F.2d 99 (1962). A more recent case of an arrest and search and seizure upon information furnished an officer is the case of State v. Randall, 94 Ariz. 417, 385 P.2d 709 (1963) in which it was held that arresting officers, having been informed by the defendant shortly after his arrest for homicide that he had given the gun to a Mrs. Leeper and that she was in a parked automobile around the corner, had reasonable ground to arrest such woman without a warrant for carrying a concealed weapon and search and seizure of the gun from her possession incident to her arrest was lawful. There the court on page 419 of the Arizona Reports, 385 P.2d on page 710 said:

"The officers had a reasonable ground to arrest Leeper. Having good information that she was in possession of the gun, they were entitled to arrest her for carrying a concealed weapon 'without a warrant at any time of the day or night,' A.R.S. § 13–911(B).

"As an incident of a legal arrest the search was lawful and not within the ambit of the Fourth Amendment of the U. S. Constitution."

Before opening the trunk the arresting officer had information from a reliable informer that certain burglaries in which the defendant was implicated had been committed and that the defendant, along with two others, would be driving a 1950 or 1951 blue Chevrolet with red wheels and would be attempting to sell the stolen items around second hand stores. The information of the crimes and the property taken had been verified by monitoring a police radio call that morning and checking it with investigating officers. He had knowledge that crimes had been committed in which the defendant was implicated and saw the defendant in the described car and in an area where he was previously informed that the defendant would be. At this time, consist-

ent with his duty as a good officer, he took the defendant in hand to question him. At that point there existed probable cause to conduct an immediate search without a warrant of the automobile. Although the search may have preceded the taking of the defendant to the Police Station, it was incident to his lawful arrest. Immediate necessity to search without a warrant exists where the object, (such as an automobile) might shortly be removed or where it might presently be destroyed and there is probable cause to search. McDonald v. United States, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948); Busby v. United States, 9 Cir., 296 F.2d 328 (1961). We believe that had the officer failed to act as he did, he would have been derelict in his duty.

We hold that the information in possession of the officer was sufficient to show probable cause and reasonable grounds to believe the defendant had committed the crime. The arrest was lawful and the attendant search and seizure having been made incident thereto was legal and valid.

The Judgment is affirmed.

STEVENS, C. J., and CAMERON, J., concur.