399 P.2d 674

STATE of Arizona, Appellee,

v.

Robert C. LOVELL, Jr., Appellant.

No. 1271.

Supreme Court of Arizona.

In Division.

March 3, 1965.

Darrell F. Smith, Atty. Gen., Robert W. Pickrell, former Atty. Gen., Norman E. Green, County Atty., Pima County, Tucson, and Carl Waag, Deputy County Atty., Pima County, for appellee.

Robert D. Stauffer, Tucson, for appellant.

STRUCKMEYER, Vice Chief Justice.

Appellant Robert C. Lovell, Jr., was convicted of assault with a deadly weapon, and appeals.

On the evening of April 9, 1961, appellant took his former wife, Frances Shingler, to dinner. After dinner, they went to a bar where they met the complaining witness, John F. Shaughnessy, Jr. The three remained there at the bar until it closed at 1:00 a. m. when appellant invited Shaughnessy, Frances Shingler and another couple to join him for a drink at his home. After remaining at appellant's home for some time, Frances Shingler expressed a desire to leave and told appellant that Shaughnessy would drop her off at her home on his way. An argument then ensued in which appellant indicated that he would drive Frances Shingler to her home. At about this time, he told Shaughnessy to leave. Appellant and Shaughnessy then began to fight. Apparently Shaughnessy struck the first blow. The fight eventually ended outside of the house in the front yard, where appellant told Shaughnessy, "You S.O.B., I am going to kill you." Ap-

pellant returned to the house and procured a .45 automatic pistol. Shaughnessy in the meantime had gone to his automobile and was standing in the public street in front of the house. Defendant fired several shots into the air and several more into the ground. One of the bullets struck Shaughnessy in the foot. One expert witness testified that the bullet which struck Shaughnessy was a ricochet.

Appellant first complains that he was deprived of a fair trial by the court's refusal to allow voir dire examination of the jurors on an individual basis.

This Court has recognized the right of a defendant to make a reasonable and prudent voir dire examination of prospective jurors so that he may intelligently exercise his peremptory challenges. State v. Jordan, 83 Ariz. 248, 320 P.2d 446, cert. den. 357 U.S. 922, 78 S.Ct. 1364, 2 L.Ed.2d 1367; Eytinge v. Territory, 12 Ariz. 131, 100 P. 443. Such an examination is provided for by Rule 217 A, Rules of Criminal Procedure, 17 A.R.S., which provides:

"The jurors shall be sworn, either individually or collectively, as the court determines, to answer truthfully all questions put to them regarding their qualifications to serve as jurors. The court may then examine the jurors collectively or individually. Either party may question the jurors."

In State v. Wallace, 83 Ariz. 220, 222, 319 P.2d 529, 530, this Court said:

"The extent to which parties should be allowed to examine jurors as to their qualifications cannot be governed by any fixed rules. * * * The extent of examination must necessarily be left to the sound discretion of the trial court to determine the presence or absence of bias and prejudice."

A peremptory challenge is an arbitrary and capricious species of challenge to a certain number of jurors without showing bias or prejudice, or any cause. State v. Thompson, 68 Ariz. 386, 206 P.2d 1037. Peremptory challenges are exercised by a party in rejection, and not in selection, of jurors and are not aimed at disqualification but are exercised upon qualified jurors as a matter of favor to the challenger. Hall v. United States, 83 U.S.App.D.C. 166, 168 F.2d 161, 164, 4 A.L.R.2d 1193; State v. Persinger, 62 Wash.2d 362, 382 P.2d 497, 500.

In the present case the court questioned the panel generally and, whenever an affirmative answer was elicited, it followed with questions to that individual juror. The court then afforded both counsel the opportunity to examine prospective jurors on the matter upon which the affirmative answer was elicited. Defense counsel expressed a desire to question each juror individually as to the juror's general background. The court stated in effect that it would allow general questions to the panel, to be followed by questions specifi-

cally directed to an individual juror only in the case of an affirmative answer to the general question. The court expressed its opinion that to allow individual questioning of these jurors would not be error but felt it was a matter within the court's discretion. We cannot disagree. By this means counsel were given ample opportunity to elicit sufficient information upon which to base a knowledgeable challenge. See Eytinge v. Territory, supra. We find no abuse of discretion in thus limiting the voir dire examination of the jurors.

Appellant's second ground for appeal relates to the witness Manuel L. Klein whose name was not endorsed on the information as required by Rule 153, Rules of Criminal Procedure, 17 A.R.S., but who nevertheless was allowed to testify for the prosecution. The record indicates that at the beginning of the second day of trial the prosecutor requested permission of the court to call Klein. This was the first notice appellant had that the State intended to use him. Appellant immediately objected and requested a continuance to investigate Klein's background and to determine if impeachment evidence was available. The court refused a continuance but granted a fifteen-minute recess in order for defense counsel to interview Klein.

■ The purpose of Rule 153, requiring the State to endorse the names of witnesses on an indictment or information, is to enable an accused to prepare adequately and advisedly for his defense. State v. King,

66 Ariz. 42, 182 P.2d 915. The failure to comply with this rule does not in and of itself disqualify the person whose name is not endorsed on the information from being called as a witness. State v. Thorp, 70 Ariz. 80, 216 P.2d 415; State v. Cassady, 67 Ariz. 48, 190 P.2d 501; State v. King, 66 Ariz. 42, 182 P.2d 915.

■ Rule 153 also provides, "No continuance shall be allowed because of the failure to endorse such names thereon unless such application was made at the earliest opportunity and then only if a continuance is necessary in the interest of justice." We have held that a continuance should not be allowed a defendant unless application was made at the earliest opportunity and then only if a continuation is necessary in the interest of justice. State v. Cassady, 67 Ariz. 48, 190 P.2d 501. It has likewise been held that any legal right which a defendant had to challenge the propriety of the testimony of such a witness was waived by a defendant when no continuance was requested. State v. Chitwood, 73 Ariz. 161, 239 P.2d 353, modified on other grounds 73 Ariz. 314, 240 P.2d 1202. The granting of a continuance is a matter within the discretion of the trial court. But this is a legal discretion and not an arbitrary discretion. State v. King, supra.

■ It is to be noted that Klein testified as an eyewitness to the shooting and that defense counsel was given only a fifteen-

minute recess in which to interview the prospective witness. In his motion for a continuance, defense counsel indicated that in his investigation of this matter he had talked with one Anderson, who lived with the defendant, and had been informed by him that while Klein was a next door neighbor he had told Anderson that he did not see the incident. In view of this, it is reasonable to conclude that defense counsel was surprised when the prosecution called Klein as a witness and did not have a reasonable opportunity to prepare for his testimony. This case is distinguishable from State v. King, supra, where the name of the victim of the crime was not endorsed on the information. We believe that it was an abuse of legal discretion for the trial court to refuse a continuance.

■■■ Appellant complains of the failure of the court to give his requested instruction No. 16. While he objected in the court below to the failure to give his requested instruction, he did not state the grounds of his objection and, therefore, the instruction may not be questioned in this Court. State v. Evans, 88 Ariz. 364, 356 P.2d 1106.

■■■ Appellant complains of the failure of the trial court to give his requested instructions Nos. 17 and 20. These two instructions embody the right of a person to defend his premises against a trespasser. It is the appellant's position that Shaugh-nessy, after he was told to leave the house, was a trespasser. The evidence does not support the submission of such a theory. It is uncontradicted that when the shooting occurred Shaughnessy was near his automobile standing in the public street and was not on appellant's premises.

"In a criminal case instructions must be based on some theory which may be found in the evidence and when not so predicated, they should not be given, as their tendency would be to mislead the jury. [Citation]" State v. Randall, 94 Ariz. 417, 419–420, 385 P.2d 709, 710.

■■■ Appellant complains of the court's refusal to give his requested instruction No. 21. Appellant's instruction No. 21 purported to tell the jury that it might consider the apparent danger of bodily injury as it would appear to a reasonable person in the same physical condition as appellant in considering the reasonableness of the force and means to be applied to prevent such injury. This portion of the instruction was adequately covered by other instructions of the court. Instruction No. 21 continued to the effect that the jury could find that Shaughnessy originally assaulted Lovell and that this was an aggravated assault and a felony under the Arizona statutes. This and the last paragraph of the requested instruction, stating that an attack by an adult male upon a

female was` an aggravated assault, would tend to mislead the jury for there is no issue as to the repelling of an aggravated assault either upon defendant or any female person at the immediate time of the shooting.

Judgment in this case is reversed with direction to grant appellant's motion for a new trial for the reason that the trial court did not give appellant adequate time to prepare for the surprise witness Klein.

Reversed.

LOCKWOOD, C. J., and BERNSTEIN, J., concur.