400 P.2d 843

**STATE of Arizona, Appellee,**

v.

**Robert TORRES, Appellant.**

No. 1304.

Supreme Court of Arizona.

En Banc.

April 7, 1965.

Robert W. Pickrell, then Atty. Gen., Howard Schwartz, Asst. Atty. Gen., for appellee.

Peterson, Estrada, Matz & Machmer, Phoenix, for appellant.

UDALL, Justice.

The defendant was charged with the sale of narcotic drug, to-wit, heroin, in violation of A.R.S. § 36–1002.02 (1961). The evidence shows that on February 1, 1962 the defendant was approached by two special agents of the Narcotics Division of the Department of Liquor Licenses & Control at the Tivoli Bar located at Second Avenue and Madison Street in Phoenix. George Tabizon, one of the agents, spoke to the defendant and asked him if he could get them a paper of heroin. The defendant stated that he could, and immediately thereafter the two agents, the defendant, and a woman named Alicia Salazar, drove in accordance with defendant's direction, to 1920 E. Sherman Street. The defendant then asked for and received $10 from Tabizon, and the defendant left the car and proceeded to the side door of the house at the above address, where he met and talked with an individual standing outside of the house. Approximately five minutes later the defendant returned to the car and handed Tabizon a white folded paper, which Tabizon placed in his shirt pocket.

The group then all got in the agent's car and returned to Third Street and Madison where one of the agents and the woman alighted from the car, but the defendant and Tabizon continued to the area of Madison and Second Street where the defendant left the car.

Tabizon then drove directly to the Liquor Control office where the white paper was placed in an envelope and put in a private locker until the next afternoon when Agent Davis took the envelope and its contents to the Arizona Testing Laboratory where the chemist analyzed the contents of the paper and found that it contained .72 grams of heroin powder. The defendant was tried before a jury and found guilty as charged. From the judgment of conviction he appealed.

The defendant contends the trial court erred in not permitting defendant to question the state's witness concerning the dismissal of criminal charges against the witness in order to show the witness's interest or motive in testifying on behalf of the state. The defendant asserts that he should have been given wide latitude in cross-examining the witnesses for the prosecution, for the purpose of showing any motive, bias, or interest the witness may have had in testifying against the defendant. The question that was asked by defense counsel of one of the special agents reads as follows:

"Q Isn't it true that on February 13, 1962, burglary charges were dismissed against you provided you would cooperate with the police?"

The County Attorney objected to this line of questioning. Thereupon the County Attorney and defense attorney had a conference with the Court before the bench, out of hearing of the jury. Defense counsel

then rephrased the question and asked the witness:

"Q Have you been promised leniency or police protection to testify today?"

"A No."

 It is well settled in this jurisdiction that a cross-examiner should be given great latitude in his questions which seek to impeach an adverse witness being examined and it is always proper to inquire as to the motive of the adverse witness in testifying and to show any matter which bears on the credibility of that witness. State v. Holden, 88 Ariz. 43, 352 P.2d 705 (1960); Annot., 62 A.L.R.2d 610 (1958). Cross-examination directed to impeach the credibility of a witness by showing that he has a motive to testify on behalf of the State or against the defendant is generally proper notwithstanding whether such cross-examination also tends to prove that the witness has committed acts in violation of the law which may or may not have resulted in convictions. State v. Holden, supra; State v. Little, 87 Ariz. 295, 350 P.2d 756, 86 A.L.R. 2d 1120 (1960).

 The trial court in this case limited defendant's cross-examination on the mistaken belief that since there was no conviction of the state's witness it could not be explored. This was reversible error. State v. Holden, supra; State v. Little, supra.

The problems involved in defendant's other assignments of error will probably not occur on the retrial of this case and therefore need not be discussed.

Judgment reversed and remanded for a new trial.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and BERNSTEIN and McFAR-LAND, JJ., concur.