Burke, J.
The defendant was convicted of criminally concealing and withholding stolen and wrongfully acquired property as a felony (Penal Law, § 1308). The conviction was reversed on the law and a new trial granted.
On these cross appeals by permission, the defendant argues that the arrest was unlawful and the search of his person incident to the arrest improper. The defendant also points to the lack of compliance with a rule requiring specific findings of fact or their equivalent upon the hearing of motions to *189 suppress (People v. Lombardi, 18 A D 2d 177, affd, 13 N Y 2d 1014; People v. Lopez, 19 A D 2d 809). This latter argument is disposed of by our decision in People v. Alfinito (16 N Y 2d 181). There we decided that an appellate court’s requirement of findings is often a desirable practice but that the defendant there, as here, had a full and fair hearing on the motion to suppress and that the record itself serves as an ample basis for review of the determination which was made.
We think that the motion to suppress was properly denied since the testimony supports the affirmed finding that the stolen jewelry was seized as an incident to a lawful arrest. On the night he was arrested the police officers saw the defendant coming out of a hotel where a series of burglaries had recently taken place. Some months previous, he had been stopped on one of its upper floors with keys to five different rooms in his possession. Before approaching him on the night here in question, the officers saw him repeatedly take “ little white boxes ” out of his pockets and examine their contents as he walked along the street. When he was stopped he denied that his name was Brady and that he had been at the hotel that evening. The acts observed by the officers during their surveillance of the defendant, together with the information which they had concerning his prior activities, were sufficient to give them probable cause for believing that a crime had been committed and that the defendant had committed it. Under the circumstances the interrogation was permissible (People v. Rivera, 14 N Y 2d 441) and the obvious falsehoods uttered by the defendant in reply to the officers’ questions warranted his detention and arrest (People v. Hook, 15 N Y 2d 776). At every step the officers observed the standard of what would be probable cause to “ a reasonable, cautious and prudent peace officer ” (Bell v. United States, 254 F. 2d 82, 86, cert. den. 358 U. S. 885). Therefore, the search at the precinct station after defendant’s arrest was incident to it and the evidence was thereby lawfully obtained.
The People appeal from the Appellate Division’s decision which criticized the trial court on the ground that it erred in failing to instruct the jury that, if they found that the value of the property was less than $100, they should find the defendant guilty of a misdemeanor. This difference is not resolved *190 by the rule announced in the case of People v. Walker (198 N. Y. 329 [1910]). In the case before us the defendant in his testimony admitted that the value of the stolen jewelry exceeded $100 thus taking the issue of value out of the case. The significance of such an admission is alluded to in the Walker opinion (p. 335): “ It should be observed, however, that when a fact, even of great importance, is admitted by the defendant or his counsel in open court during the trial, that fact is established by the admission, and no evidence need be given in relation to it. Under such circumstances, the court might with propriety charge that the fact was established, but with this exception every constituent part of the crime must be left to the jury, if a timely request is made to that effect.”
All the elements of the felony of criminally concealing and withholding stolen and wrongfully acquired property were fully charged to the jury, including an instruction that they could not convict the defendant of the felony offense unless they found that the property was of value greater than $100. Since the defendant’s admission removed the question of value from issue, the Trial Judge was correct when he refused to charge the jury on the possibility of the defendant’s being found guilty of the misdemeanor. In the case of People v. Mussenden (308 N. Y. 558 [1955]) the opinion for the majority stated: ‘1 The principle has, accordingly, evolved that the submission of a lesser degree or an included crime is justified only where there is some basis in the evidence for finding the accused innocent of the higher crime, and yet guilty of the lower one ” (p. 563). Here after the defendant’s admissions as to value, there was no basis in the record for finding the accused guilty of the misdemeanor and not guilty of the felony.
The order appealed from should be reversed and the judgment of conviction entered in the trial court reinstated.
Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis. Scileppi and Bergan concur.
Order, insofar as appealed from by defendant, affirmed. Order, insofar as appealed from by the People, reversed and judgment of the Sunreme Court, New York County, reinstated.