410 P.2d 127

**The STATE of Arizona, Appellee,**
**v.**
**Verlon MUSGROVE, Appellant.**
**2 CA–CR 13.**

Court of Appeals of Arizona.
Jan. 25, 1966.

Darrell F. Smith, Atty. Gen., Phoenix, Norman E. Green, Pima County Atty., Carl Waag, Asst. Pima County Atty., Tucson, for appellee.

H. Earl Rogge, Jr., Tucson, for appellant.

HATHAWAY, Judge.

The appellant, Verlon Musgrove, convicted in superior court of Pima county, Arizona, of receiving stolen property, a felony, has appealed from the judgment of conviction.

The appellant was arrested at approximately 7 o'clock in the morning of September 5, 1964. His arrest was preceded by the arrest of one Ronald Slay who had sold stolen liquor to him. Slay, who had admitted to the police that he had acquired liquor through burglaries, went with detectives to retrieve the liquor from the appellant's apartment. Slay knocked on the door and a woman answered and said Musgrove was asleep. Slay requested that she awaken him. Shortly thereafter, when Musgrove opened the door, officer Bunting identified himself as a police officer and asked Slay if Musgrove was the man to whom he had sold the liquor. Upon Slay's affirmative response, Bunting informed Musgrove that he was under arrest for receiving stolen property. Musgrove tried to close the door but Bunting pushed his way into the apartment where he saw boxes of liquor in plain sight in the bedroom. He advised Musgrove that anything he said could be used against him and that he had a right to have an attorney. When asked if the liquor was brought there by "Ronnie," Musgrove replied in the affirmative. When asked if he knew that the liquor was stolen, he replied, "I will wait until I see my attorney."

Counsel for appellant contends that the arrest was illegal since it was made without a warrant solely on the basis of information given by an informant who was not known to be reliable and the evidence thus obtained should have been excluded. He cites abundant authority supporting his contention.

The State argues that the evidence in question was legally obtained as an incident of a legal arrest and that "the search was lawful and not within the ambit of the Fourth Amendment of the U. S. Constitution." State v. Randall, 94 Ariz. 417, 419, 385 P.2d 709, 710 (1963); State v. Baca, 1 Ariz.App. 16, 398 P.2d 924, 926 (1965).

A.R.S. § 13–1403, subsec. 4 authorizes a peace officer to arrest a person without a warrant "[w]hen he has reasonable ground to believe that a felony has been or is being committed and reasonable ground to believe that the person to be arrested has committed or is committing it."

Courts often disagree on the composition of reasonable ground in a particular case but generally agree that the presence or absence of reasonable ground is determined from the particular facts and circumstances of each case. State v. Quintana, 92 Ariz. 267, 269, 376 P.2d 130 (1962).

The facts before us show that the officers had considerably more to go on than a tip from an informant not known to be reliable. They knew that burglaries had been committed and apprehended Slay after receiving the number of his automobile license plate from a witness.

Slay admitted the burglaries and identified the party to whom he had delivered the loot (some eight or nine cases of liquor). Following the Randall case, supra, this would appear to furnish reasonable ground for the arrest. Slay's self-implication lends reliability to the story. He was arrested in the neighborhood of the appellant's apartment which was situated only a few blocks away from one of the burglarized stores. His description of the appellant's car coincided with that of the car parked in front of appellant's apartment while the police, accompanied by Slay, were circling the apartment. The car left while the police were in the vicinity and Slay told the police that the car, which belonged to Musgrove's girl friend, was probably driven either by Verlon Musgrove or one Roy Twitty. The police put out a stop on the car and learned that it was driven by Roy Twitty.

The appellant was known by the police to be the proprietor of a night club where the police intelligence unit and other sources had reported that liquor was illegally sold after hours. Slay was not a stranger to the police since he admitted that he knew one of the officers.

We find that the circumstances surrounding the arrest furnished reasonable ground to believe that the defendant had committed a felony. Also, the stolen liquor taken into custody after it was identified by the burglar, was lawfully retrieved as a result of a reasonable search and seizure incident to a legal arrest. See: State v. Randall, supra; State v. Sherrick, 98 Ariz. 46, 52, 402 P.2d 1 (1965); State v. Baca, supra.

■ The trial judge interrupted the cross examination of Slay when the appellant's trial counsel inquired into his probation status. Appellant's counsel points out that this cross examination was designed to show Slay's motive in testifying against Musgrove and should have been admitted, citing State v. Torres, 97 Ariz. 364, 366, 400 P.2d 843 (1965). We agree that it was error to limit the cross examination, but the error was cured by subsequent allowance of cross examination on the same matter.

■■ Though two separate deliveries of liquor were made to the appellant, it is apparent that the State treated the two deliveries as one felony. The testimony indicated that the value of the property was in excess of $400. At no time did appellant object that he was not charged separately on each delivery. Trial counsel for appellant requested that the jury be instructed that they could find him guilty of a misdemeanor "if there is not $50 of identification of liquor * * *." The court denied the instruction on the basis that there was no evidence to show that the liquor in question had a value of less than $50.

The submission of a lower offense is justified only when the evidence on some basis would support a finding that the defendant is innocent of the higher offense and guilty of the lower. People v. Brady, 16 N.Y.2d 186, 264 N.Y.S.2d 361, 211 N.E.2d 815, 816 (1965); People v. Mussenden, 308 N.Y. 558, 127 N.E.2d 551, 554 (1955). As stated in *Mussenden,* supra:

"* * * but certainly a court should avoid doing anything, such as submitting lower crimes in an inappropriate case, that would constitute an invitation to the jury to foreswear its duty and return a compromise or otherwise unwarranted verdict." 127 N.E.2d at 554.

The court was correct in refusing to instruct on a matter wholly unsupported by the evidence. State v. Overton, 2 Ariz. App. 376, 409 P.2d 92 (1965).

The judgment is affirmed.

KRUCKER, C. J., and MOLLOY, J., concur.