412 P.2d 724

**The STATE of Arizona, Appellee,**

v.

**Verlon MUSGROVE, Appellant.**

**No. 2 CA–CR 13.**

Court of Appeals of Arizona.

April 4, 1966.

Review Denied May 24, 1966.

**156**

Darrell F. Smith, Atty. Gen., Phoenix, Norman E. Green, Pima County Atty., Carl Waag, Deputy Pima County Atty., Tucson, for appellee.

H. Earl Rogge, Jr., Tucson, for appellant.

HATHAWAY, Judge.

Appellant has urged this court to reconsider its decision filed January 25, 1966 in this case,[1] arguing that the court has ignored the decisions of the Supreme Court

of the United States with regard to search and seizure and further that the evidence with regard to the value of the property allegedly received by appellant has been ignored.

We have re-examined the record pursuant to appellant's request and must affirm our decision. We feel that it is important nonetheless to clarify our position with regard to upholding the trial court's refusal to give a misdemeanor instruction to the jury.

■ Appellant contends that the pronouncement of our Supreme Court of Arizona in State v. Kuhnley, 74 Ariz. 10, 242 P.2d 843 (1952) governs the case at bar. In *Kuhnley*, the court quoted from Hamilton v. State, 129 Fla. 219, 176 So. 89, 92, 112 A.L.R. 1013 (1937) as follows:

"Receiving or concealing different articles of stolen property at different times and on separate and unconnected occasions constitute separate offenses and cannot be prosecuted as one crime, in one count, though all of the property is afterwards found in the possession of the defendant at the same time and place * * *." 74 Ariz. at 16, 242 P.2d at 847.

We agree that this is a correct statement of the law but it is not herein applicable. In *Kuhnley*, the information charged the defendant in one count with having knowingly received six individual items of stolen property, all totalling a value of more than $50. The court stated that the natural inference of charging the defendant with one count of receiving stolen property is that this constituted but one offense arising out of the same transaction. The State's proof, however, indicated that the articles in question were not delivered to the defendant at the same time but that the thefts occurred at various times between September 1950 and May 1951 and that the stolen articles were immediately thereafter delivered to the defendant. There was no evidence that any two of the articles were received by the defendant at the same time. The court held that the variance between the allegata and

1. State v. Musgrove, 2 Ariz.App. 505, 410 P.2d 127 (1966).

the probata was fatal since throughout the trial the court treated the numerous transactions as one offense and erroneously instructed the jury that, providing the other essential elements were established, they might find the defendant guilty of a felony if he received *any* or *all* of the articles enumerated in the information. This was done despite the fact that one of the articles allegedly received was less than $50 which at most would constitute a misdemeanor.

The posture of the instant case is markedly different from *Kuhnley*, despite a superficial resemblance. It is true that the State charged Musgrove with only one count of receiving stolen goods, a felony. It is also true that the State's witness, Slay, testified that he stole liquor from the Lampost Liquor Store on two separate occasions, though the same night, and immediately thereafter delivered the stolen property to Musgrove, the first time to his car and the second time to his home. The Lampost Liquor Store owner identified a quantity of the liquor found in Musgrove's possession as having been stolen from his store on the night in question and valued the liquor so identified at $450.

Defense counsel at no time attacked the information on the grounds that it was duplicitous, i. e., that is charged two separate offenses in one count. Further, no objections were made, as in *Kuhnley*, supra, that there was a variance between the allegata and probata. We find nothing in the record whereby defense counsel indicated to the court below that the State proved only two separate deliveries, constituting two separate offenses of receiving, and had failed to prove that each delivery was more than $50.

 The trial court refused to instruct the jury as to a misdemeanor because there was no evidence that the stolen property was less than $50. Appellant complains of the failure to so instruct but his sole basis for requesting the instruction was:

"This is a problem of identification. If there is not $50.00 of identification of liquor, if that is true, they can find him guilty of a misdemeanor."

The entire record discloses that the case was tried, without objection by defense counsel, on the theory that appellant committed one offense of receiving stolen property. Appellant neither objected to the refusal to so instruct nor stated any basis for the instruction other than a "problem of identification." He cannot now complain of the refusal to instruct. State v. Lovell, 97 Ariz. 269, 274, 399 P.2d 674 (1965).

Rehearing denied.

KRUCKER, C. J., and MOLLOY, J., concur.