UNITED STATES of America, Appellee,

v.

Richard Earl HODGES, Appellant.

No. 77–1859.

United States Court of Appeals,
Ninth Circuit.

Dec. 27, 1977.

John M. Biggs, Eugene, Or., for appellant.

Sidney I. Lezak, U. S. Atty., Portland, Or., for appellee.

Before BROWNING, GOODWIN and KENNEDY, Circuit Judges.

PER CURIAM:

Richard Earl Hodges appeals from his conviction of misprision of felony, a violation of 18 U.S.C. § 4. We affirm.

Hodges says it was error to receive evidence of statements testified to by a Mrs. Commons. These statements were not hearsay because they were not offered to prove the truth of the matter asserted in them. *See* Fed.R.Evid. 801(c).

The district court did not abuse its discretion in admitting over objection certain testimony concerning the physical condition of a child. Testimony of representations made by one William Hutchings was also admissible. *See United States v. Butcher,* 557 F.2d 666, 670 (9th Cir. 1977); *Phillips v. United States,* 356 F.2d 297, 301 (9th Cir. 1965).

Appellant also challenges the sufficiency of the evidence. In order to sustain a conviction for misprision of felony, it was necessary for the government to prove beyond a reasonable doubt that: (1) the principal had committed and completed the felony alleged, (2) the accused had full knowledge of that fact, (3) the accused failed to notify the authorities, and (4) the accused took an affirmative step to conceal the crime. *United States v. King,* 402 F.2d 694, 695 (9th Cir. 1968); *Lancey v. United States,* 356 F.2d 407, 409 (9th Cir. 1966); *Neal v. United States,* 102 F.2d 643, 646 (8th Cir. 1939). After a careful review of the record, we agree with the government that there was sufficient evidence to prove each element of the crime.

On the first two of these elements, the jury was entitled to find as follows: On or about May 21, 1974, William Hutchings forcibly took Laurille Ann Commons from the Commons' home in Scio, Oregon. Hutchings thereafter transported the child to Arizona, where he was eventually arrested and the child was recovered on October 24, 1974.

Meanwhile, in August 1974, Hodges traveled to Arizona where he met with Hutchings. In Arizona, Hodges observed Laurille Ann, whom he recognized from television and newspaper accounts as the abducted child. Subsequently, on August 26, 1974, Hodges was questioned by the F.B.I. During this interview, he lied to the agents, representing among other things that he did not know how to contact Hutchings and that he had never seen the victim child. Thereafter, Hodges informed Hutchings of the F.B.I. inquiry, and suggested that Hutchings get rid of the child. Consequently, the jury could properly find that Hutchings had committed the underlying felony (kidnapping) and that the appellant had full knowledge of the fact.

Hodges has conceded that he failed to notify authorities. He argues, however, that he did not take an affirmative step to conceal the crime. We disagree. Although "mere silence" is insufficient (*i. e.,* there is no obligation to notify civil authorities), the giving of an untruthful statement to authorities is a sufficient act of concealment to sustain a conviction for misprision of felony. *United States v. Pittman,* 527 F.2d 444, 445 (4th Cir. 1975) *cert. denied,* 424 U.S. 923, 96 S.Ct. 1134, 47 L.Ed.2d 331 (1976); *Lancey v. United States,* 357 F.2d at 410.

Hodges also asserts that the court erred in denying his motion for a mistrial after the prosecution made reference in cross-examination to Hutchings' kidnapping conviction, a matter which the court had ruled inadmissible. Assuming that this reference was improper, we do not believe that the district court abused its discretion. *See United States v. Eaglin* (9th Cir., August 10, 1977). The court immediately instructed the jury to disregard the matter, and it does not appear that the jury was improperly influenced.

Affirmed.