638 P.2d 737

**STATE of Arizona, Appellee,**

**v.**

**Kenneth James YARBROUGH, Appellant.**

**No. 1 CA–CR 5118.**

Court of Appeals of Arizona, Division 1, Department C.

Dec. 23, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Division. and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Charles R. Krull, Deputy Public Defender, Phoenix, for appellant.

OPINION

OGG, Judge.

The defendant was charged in CR–112085 with one count of robbery, a Class IV felony.[1] In CR–112638, the defendant was charged with two counts of armed robbery, a Class II dangerous nature felony, and one count of armed robbery, a Class II felony.[2] The trial court ordered the consolidation of Count III of CR–112638 with CR–112085, and the resulting case on the two counts was tried before a jury. The jury returned a verdict finding the defendant guilty of robbery as charged in both causes, and the trial court sentenced the defendant to serve 12 years in the Arizona State Prison in Cause No. CR–112085 and 12 years in Cause No. CR–112638, said sentence to run consecutively to the sentence imposed in Cause No. CR–112085. The defendant timely filed a notice of appeal raising one issue for our consideration, namely, whether the trial court erred in failing to grant the requested instruction on theft as a lesser included offense of robbery in CR–112085. The defendant raises no issues regarding his conviction or sentence in Cause No. CR–112638, therefore we will limit our discussion to the facts in CR–112085.

The evidence revealed that on the evening of April 6, 1980, Sharlette MacDougall was working as a clerk at the 7-Eleven Store at 24th Street and Thomas in Phoenix at approximately 8:45 p. m., when she observed a suspect wearing a stocking covering over his head enter the store very quickly, run behind the counter, and squat down. His left hand was out of the view of the clerk. As soon as he squatted down behind the counter, he said, "All the money in the bag." The victim testified that she screamed and was very frightened. She tried to get the cash drawer open and it took a moment. She then took the cash from the cash drawer and placed it in the bag. She also testified that she tried "desperately" to get bait bills out of the register and could not recall whether she got them

---

1. A.R.S. §§ 13–1901, 13–1902, 13–701, 13–702, 13–301, 13–302, 13–303 and 13–304.

2. A.R.S. §§ 13–1901, 13–1902, 13–1904, 13–701, 13–702 and 13–801.

out because a piece of metal was covering them.

During the conference to settle instructions, defense counsel requested that the jury be instructed that they could find the defendant guilty of the lesser included offense of theft if they found no force or threats were used by the defendant during the commission of the robbery. The trial court denied the instruction, finding that under the circumstances and evidence in the case the instruction was not warranted. While the defendant notes that those cases which hold that theft is a lesser included offense of robbery [3] analyzed offenses committed prior to the effective date of the new criminal code, October 1, 1978, he argues that theft under the present criminal code is a lesser included offense of robbery. He also argues that there is no evidence in the record to support a finding that the defendant used force or threat to accomplish the offense in this case, and that therefore the evidence supports the giving of the instruction on the lesser included offense of theft.

We turn first to a discussion of whether theft is a lesser included offense of robbery under the new criminal code. The issue of whether theft is a lesser included offense of robbery under the new criminal code is one of first impression. That theft was a lesser included offense of robbery under the prior criminal code is well established by case law. *State v. Dugan, supra; State v. Jackson, supra.* The relevant definition of theft for purposes of this case is found at A.R.S. § 13–1802(A)(1):

A person commits theft if, without lawful authority, such person knowingly: (1) Controls property of another with the intent to deprive him of such property. . . .

Thus, a person commits theft within the meaning of the above statute if: (1) without lawful authority, he knowingly controls property in which another has an interest; and (2) he acts with the intent to deprive

the other person of such property. The definition of theft under the prior criminal code, A.R.S. § 13–661 (repealed 1978), required the element of asportation. *State v. Allen,* 1 Ariz.App. 161, 400 P.2d 589 (1965). This element has been eliminated under A.R.S. § 13–1802. Furthermore, an intent to "permanently" deprive the victim of his property is no longer required. R. Gerber, *Criminal Law of Arizona* 251 (1978).

The pertinent definition of robbery is found at A.R.S. § 13–1902(A):

A person commits robbery if in the course of taking any property of another from his person or immediate presence and against his will, such person threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining the property.

Thus, a person commits robbery if: (1) he takes the property of another from his person or immediate presence; (2) the taking was against the other person's will; and (3) in the course of the taking he threatened or used force against any person with the intent either to force surrender of the property or to prevent resistance to his taking or keeping of the property. Thus, robbery requires a "taking".

The information in this case charged the defendant as follows:

Kenneth James Yarbrough, on or about the 6th day of April, 1980, in the course of *taking* property of another from Sharlette MacDougall's person or immediate presence and against her will, used threats or force against Sharlette MacDougall, with the intent to coerce surrender of the property or to prevent resistance to Kenneth James Yarbrough's taking or retaining the property, in violation of A.R.S. §§ 13–1901, 13–1902, 13–701, 13–702, 13–801, 13–301, 13–302, 13–303 and 13–304. (Emphasis added)

██ A taking of property as charged in the information in this case and as required by A.R.S. § 13–1902(A) defining robbery

**3.** *State v. Dugan,* 125 Ariz. 194, 608 P.2d 771 (1980); *State v. Jackson,* 121 Ariz. 277, 589

P.2d 1309 (1979).

necessarily includes an exercise of control over property as contemplated by the definition of theft in A.R.S. § 13–1802(A)(1). The robbery as charged in the present case must thus include a theft in the sense that one cannot take property without exercising control over it. Therefore, under the provisions of the new criminal code, it is our opinion that theft is always a lesser included offense of robbery.[4]

■ The remaining question then is whether the evidence required the giving of a theft instruction. Robbery is accomplished under the new code by the use of threats or force. Force is defined in A.R.S. § 13–1901(1) as "any physical act directed against a person as a means of gaining control of property." Threat is defined in A.R.S. § 13–1901(4) as "a verbal or physical menace of imminent physical injury to a person." Force requires a physical act and cannot occur by words alone, and threat includes both words or acts. In this case, the defendant entered the 7-Eleven Store very quickly, wearing a stocking over his head. He went behind the counter, squatted down, and with a bag in his right hand demanded that the victim put all the money in the bag. We find that the actions of the defendant constituted a physical menace which, when coupled with the verbal menace demanding the money, constituted a threat. Indeed, the victim's testimony was sufficient to establish that she was threatened by the defendant.

■ A defendant is entitled to an instruction on a lesser included offense only if two conditions are met: first, the crime must be lesser included in the offense charged, and second, the evidence must support the giving of the instruction. *State v. Dugan, supra; State v. Rodriguez*, 125 Ariz. 319, 609 P.2d 589 (App.1980). In other words, an instruction on a lesser included offense is justified only when there is evidence upon which the jury could convict of the lesser offense and find that the state had failed to prove an element of the great-

er offense. *State v. Brady*, 105 Ariz. 190, 461 P.2d 488 (1969). The trial court need only give the lesser included offense instruction when the element that distinguishes the two charges is in dispute. Thus, when the evidence is such that the defendant may be found either guilty only of the crime charged or not guilty at all, based on the defense presented at trial, no instruction on a lesser included offense is required. *Id.* The defense in the present case was misidentification. The defendant maintained throughout the trial that he was not the person wearing a mask who had robbed the 7-Eleven. In this case, if the jury accepted the defendant's version of the offense, they were required to acquit, and if not, find him guilty as charged. Under such circumstances, the defendant was not entitled to a lesser included offense instruction of theft. *State v. Schroeder*, 95 Ariz. 255, 389 P.2d 255 (1964), *cert. denied*, 379 U.S. 939, 85 S.Ct. 347, 13 L.Ed.2d 350 (1964).

For the foregoing reasons, the judgment and sentence are affirmed.

FROEB, P. J., and EUBANK, J., concur.

---

4. R. Gerber, *Criminal Law of Arizona* 272, notes that there may be subtle problems dealing with the relationship of robbery and theft

when the subject matter of the robbery is an intangible object.