**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ronald James CIAMBRONE,
Defendant-Appellant.**

No. 84–1108.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 10, 1984.

Decided Dec. 28, 1984.

As Amended Jan. 4, 1985.

Barry Lieberman, Asst. U.S. Atty., Las Vegas, Nev., for plaintiff-appellee.

Peter L. Flangas, Las Vegas, Nev., for defendant-appellant.

Before CANBY, NORRIS and BEEZER, Circuit Judges.

## AMENDED OPINION

NORRIS, Circuit Judge:

Appellant Ronald J. Ciambrone appeals his conviction for misprison of felony, 18 U.S.C. § 4 (1982).[1] Because we conclude that Ciambrone did not take an affirmative step to conceal a crime, his conviction must be reversed.

## FACTS

On July 5, 1983, Agent Earl Devaney of the United States Secret Service, received a telephone call from someone identifying himself as "Becker", later found to be Ciambrone. Devaney was informed that "something of interest" was being placed in the night book return of the public library in a nearby shopping mall. He was told that, if he was interested in more information, he should meet the caller the next day at 1:00 p.m. After the call, Devaney went to the book depository and recovered an envelope containing a xerox copy of a counterfeit $100 Federal Reserve Note, in a style not previously known to Secret Service.

The next day, Devaney met Ciambrone at the library. Ciambrone told Devaney that he knew someone who had counterfeit hundreds and twenties to trade for bearer bonds in an initial deal amount of half a million dollars. When Devaney asked Ciambrone to identify himself and the counterfeiters, Ciambrone replied, "I'm not going to tell you anything unless you give me $15,000." Devaney explained that the Secret Service pays rewards for information only after it is supplied and investigated. Ciambrone replied, "Look, this is a take it or leave it proposition. Either I get my $15,000 or I'll make that or more by joining them."

Devaney asked for proof that Ciambrone really had access to the counterfeit money, and the two set up another meeting for the next day. On July 7, 1983, Ciambrone showed Devaney two sample bills and asked for the $15,000. He again refused to answer any questions or identify himself or the counterfeiters unless he was paid. It is undisputed that Ciambrone was completely truthful in his dealings with the Secret Service. Ciambrone was arrested and charged with (1) unlawful photographing of United States obligations, (2) possession of counterfeit obligations and (3) misprision of felony. The first two counts were dismissed. Ciambrone was convicted on the remaining count of misprision of felony.

## DISCUSSION

 The elements of the crime of misprision of felony are: (1) the principal committed and completed the felony alleged (here, the possession and concealment of counterfeit money); (2) the defendant had full knowledge of that fact; (3) the defendant failed to notify the authorities; and (4) the defendant took an affirmative step to conceal the crime. *United States v. Hodges*, 566 F.2d 674, 675 (9th Cir.1977). Ciambrone argues on appeal that his conviction cannot stand because the undisputed facts show that he did not take an affirmative step to conceal a crime. His argument raises the question whether his truthful but partial disclosure of his knowledge of the commission of a felony constitutes such an affirmative step.[2]

---

**1.** 18 U.S.C. § 4 states, "Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined not more than $500 or imprisoned not more than three years, or both."

**2.** This is a question of statutory interpretation, which we review de novo. *United States v. Wilson*, 720 F.2d 608, 609 n. 2 (9th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1304, 79 L.Ed.2d 703 (1984).

The starting point of our analysis is the proposition that "[m]ere silence, without some affirmative act, is insufficient evidence" of the crime of misprision of felony. *Lancey v. United States,* 356 F.2d 407, 410 (9th Cir.), *cert. denied,* 385 U.S. 922, 87 S.Ct. 234, 17 L.Ed.2d 145 (1966). Thus, a person who witnesses a crime does not violate 18 U.S.C. § 4 if he simply remains silent. Here, Ciambrone did not remain silent; rather, he made a truthful, but partial disclosure of what he knew about the counterfeiting operation. The district court viewed Ciambrone's actions as "tantamount to an affirmative act," because "the case goes beyond the defendant sitting at home knowing about it, not doing anything about it." We disagree. In our view, Ciambrone's partial disclosure did not result in any greater concealment of the crime than would have occurred had he stayed at home and said nothing. Indeed, in stepping forward to make at least a partial disclosure, Ciambrone provided some information and possibly valuable leads that the Secret Service would not have otherwise obtained from him. Thus, Ciambrone not only informed Agent Devaney that he knew a person with large quantities of counterfeit notes, but also gave him a xerox copy of one and showed him two actual counterfeit notes before they were put into circulation. From the Secret Service's standpoint, this partial disclosure had to be better than no disclosure at all. Rather than helping the counterfeiters conceal their criminal activity, Ciambrone's partial disclosure put them at some greater risk of detection than if he had remained silent.

Since it is undisputed that Ciambrone was truthful, the Secret Service could not have been misled by his statements. This case is thus distinguishable from *Hodges,* where we determined that "the giving of an untruthful statement [denying knowledge of the crime] to [F.B.I.] authorities is a sufficient act of concealment to sustain a conviction for misprision of felony." 566

F.2d at 675. The important distinction is that lying to the authorities can help those who committed a crime by throwing the authorities off the track. Here, although Ciambrone chose to be selectively silent, he did at least convey some information that might have been useful to the Secret Service, which is better than no information at all.

We cannot rationally interpret the misprision of felony statute as making partial disclosure a crime when remaining totally silent is not a violation. It is surely preferable that people make truthful partial disclosure of their knowledge of crime than that they make no disclosure at all.

The way the government has argued this case suggests that it believes Ciambrone's real crime to be the conditioning of further disclosure on being paid $15,000. That fact, however, is irrelevant to the question of whether he took an affirmative step to conceal a crime. Congress has not chosen to make it a crime to try to sell information to the government, and Ciambrone was not charged with any such crime. Analytically, this case cannot be differentiated from one where a person makes a partial disclosure of his knowledge of a crime but then decides, out of sudden fear or for some other reason, not to tell everything he knows.

In sum, Ciambrone's conduct in trying to sell information to the government may be reprehensible but it is not criminal. The only question for us to decide is whether he committed the crime of misprision of felony.[3] We hold that he did not.

The judgment of conviction is REVERSED. The mandate shall issue forthwith.

---

**3.** Because we reverse Ciambrone's conviction for insufficient evidence that he was guilty of misprision of felony, we need not address his

claim that by compelling the disclosure of information, 18 U.S.C. § 4 violates the Fifth Amendment privilege against self-incrimination.