730 P.2d 836

**STATE of Arizona, Appellee,**

v.

**Ronald WILSON, Appellant.**

**No. CR 86–0199–PR.**

Supreme Court of Arizona, En Banc.

Dec. 31, 1986.

128

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Paul J. McMurdie, Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by John W. Rood, III, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Justice.

Defendant, Ronald Wilson, filed this petition for review of a memorandum decision of the court of appeals which upheld the trial court's imposition of enhanced punishment based upon a prior federal felony conviction. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), A.R.S. § 12-120.24, and Rule 31.19, Ariz.R.Crim.P., 17 A.R.S.

## QUESTION

We granted the petition for review to consider whether the federal crime of misprision of felony is a prior conviction for the purposes of enhancement of punishment pursuant to A.R.S. § 13–604(B), (I), (K); Rule 13.5(a), Ariz.R.Crim.P., and *State v. Birdsall*, 116 Ariz. 112, 568 P.2d 419 (1977).

## FACTS

The facts are not in dispute. On 29 April 1985, an indictment was filed in Maricopa County Superior Court charging defendant with possession of narcotic drugs for sale and having a value greater than $250.00 in violation of A.R.S. §§ 13–3406 and –3401. Later, the state filed allegations of prior convictions alleging that defendant had been previously convicted in the Arizona court of the crime of possession of a narcotic drug, a class 4 felony, and in the federal court of the crime of misprision of felony.

Following the presentation of evidence and arguments, the jury returned a verdict of guilt to the charge stated in the indictment. The state then presented evidence of the defendant's two prior convictions, and the jury returned a verdict that defendant had been previously convicted of these two alleged felonies.

On 11 September 1985, the trial court entered its judgment of conviction and sentenced defendant to 15.75 years, the presumptive term for a class 2 felony involving two prior convictions. The federal conviction was one of two prior convictions used to enhance defendant's punishment pursuant to A.R.S. § 13–604(I). The court of appeals affirmed and we granted defendant's petition for review.

## PRIOR CONVICTION OF MISPRISION OF FELONY

■ Our statute (A.R.S. § 13–604) provides for increased punishment for defendants with prior convictions, stating:

I. A person who has been convicted in any court outside the jurisdiction of this state of an offense which if committed within this state would be punishable as a felony or misdemeanor is subject to the provisions of this section.

A.R.S. § 13–604(I). The federal courts are courts "outside the jurisdiction of this state" for the purposes of enhancement of punishment under A.R.S. § 13–604. Additionally, a prior conviction of a federal offense can be used to enhance punishment if "elements sufficient to amount to a state felony were included within the federal offense and were thereby necessarily proven beyond a reasonable doubt." *State v. Phillips*, 139 Ariz. 327, 330, 678 P.2d 512, 515 (App.1983).

The crime of misprision of felony is set forth in federal statutory law:

§ 4 *Misprision of felony*
Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined not more than $500 or imprisoned not more than three years, or both.

18 U.S.C. § 4. A four-part test to satisfy the elements of misprision of felony has been developed in caselaw. *United States v. Hodges*, 566 F.2d 674 (9th Cir.1977). The government must show beyond a reasonable doubt that:

(1) the principal had committed and completed the felony alleged,

(2) the accused had full knowledge of that fact,

(3) the accused failed to notify the authorities, and

(4) the accused took an affirmative step to conceal the crime.

*Id.* at 675, *relying upon United States v. King*, 402 F.2d 694, 695 (9th Cir.1968) (knowledge and wilful concealment of information about bank robbery); *Lancey v. United States*, 356 F.2d 407, 410 (9th Cir.) (knowledge of bank robbery and of identity of perpetrators), *cert. denied*, 385 U.S. 922, 87 S.Ct. 234, 17 L.Ed.2d 145 (1966); *cf. Neal v. United States*, 102 F.2d 643, 646 (8th Cir.1939). The federal statute focuses chiefly upon the successful completion of a felony and a subsequent effort by another (the accused) to conceal the crime. The federal statute is drafted in the conjunctive, and the test devised in the federal courts to prove misprision of a felony is also in the conjunctive; thus, all four parts of the test must be satisfied. Under the federal misprision of felony statute, therefore, where the substantive crime, *i.e.*, the underlying felony, has not been completed, the statute cannot be invoked. *United States v. Nava-Maldonado*, 566 F.Supp. 1436 (D.Nev.1983).

Also, the federal statute requires actual concealment of the felony. Concealment, however, does not include the mere failure to report a felony to authorities. *United States v. Johnson*, 546 F.2d 1225, 1227 (5th Cir.1977). *But see Lancey, supra.* Mere silence is insufficient. When an individual gives an untruthful statement to authorities, however, this is tantamount to concealment of a felony. *United States v. Hodges*, 566 F.2d at 675, *relying upon United States v. Pittman*, 527 F.2d 444, 445 (4th Cir.1975), *cert. denied*, 424 U.S. 923, 96 S.Ct. 1132, 47 L.Ed.2d 331 (1976) (untruthful statement intended to conceal husband's participation in bank robbery).

## HINDERING PROSECUTION IN ARIZONA

The equivalent statute in Arizona deals with the crime of hindering prosecution. The statute states in relevant part:

§ 13–2510. *Hindering prosecution; definition*
For purposes of §§ 13–2511 and 13–2512 [hindering prosecution in the

second degree and in the first degree, respectively] a person renders assistance to another person by knowingly:

1. Harboring or concealing the other person; or

2. Warning the other person ...; or

3. Providing the other person with money, transportation, a weapon ... or other similar means of avoiding discovery ...; or

4. Preventing or obstructing by means of force, deception or intimidation anyone from performing an act that might aid in the discovery ... of the other person; or

5. Suppressing ... evidence that might aid in the discovery ... of the other person; or

6. Concealing the identity of the other person.

A.R.S. § 13–2510.

The Arizona statute is essentially an aiding and abetting statute and focuses upon the "intent" of a defendant to help the "other person" by hindering the attempts of law enforcement to apprehend the "other person." Conversely, the federal statute is applied only if a felony has in fact been committed. This requirement sets the federal statute apart from the Arizona statute. Under Arizona law, the statute is invoked regardless of whether the crime has been completed so long as the accused has aided some "other person" with the intent to hinder the apprehension, prosecution, conviction, or punishment of the "other person". The difference between the federal crime of misprision of felony and the Arizona crime of hindering prosecution is reconcilable so long as the federal crime included the elements of the Arizona crime in the same way that a lesser included offense is a part of a greater crime. *Phillips, supra.* We are faced, however, with an additional factor in this case.

■ To be convicted of hindering prosecution in Arizona, the defendant must assist some "other person" who commits, or who is attempting to commit, a crime. This, the federal statute does not require. Indeed, in *United States v. Baez,* 732 F.2d 780 (10th Cir.1984), the case cited by the court of appeals for the definition of misprision of felony, the defendant was convicted, on a guilty plea of misprision as a lesser included offense, of concealing his own crime. Because Arizona requires that the defendant assist the "other person" in order to be guilty of hindering prosecution, the federal statute requires less than the state statute. Baez, for example, could not have been convicted of hindering prosecution in Arizona because he did not assist an "other person" in concealing the "other person's" crime. We hold, therefore, that the federal crime of misprision of felony is not the equivalent of the Arizona crime of hindering prosecution and that the federal crime may not be used as a prior offense pursuant to A.R.S. § 13–604(I).

The memorandum decision of the court of appeals is vacated. The case is remanded to the trial court for the resentencing of Wilson as a nondangerous class 2 felon, with one prior conviction.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ.