889 P.2d 637

**STATE of Arizona, Appellee,**

v.

**Leroy Floyd MORRISON, Appellant.**

**No. 1 CA–CR 93–0622.**

Court of Appeals of Arizona, Division 1, Department A.

Feb. 7, 1995.

---

2. The Honorable Roger W. Kaufman, Judge of the Superior Court of Maricopa County, was authorized by the Chief Justice of the Arizona

Supreme Court to participate in this appeal pursuant to Ariz. Const. art. VI, § 3.

280

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Greg A. McCarthy, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for appellant.

## OPINION

WEISBERG, Judge.

Leroy Floyd Morrison ("defendant") appeals his sentence upon conviction for possession of narcotic drugs and possession of drug paraphernalia. Because we find that the trial court erred in denying defendant's motion to strike the state's allegation of a prior federal conviction, we reverse and remand for resentencing.

### FACTUAL AND PROCEDURAL HISTORY

Defendant was charged with one count of possession of narcotic drugs ("Count I") and one count of possession of drug paraphernalia ("Count II"). A jury convicted defendant of both charges. The state alleged two prior felony convictions. One of them was a federal conviction, entered in the District of Arizona, for armed bank robbery in violation of 18 U.S.C. § 2113(a), (d). Defendant filed a motion to strike the allegation of the federal conviction on the ground that it was for an offense not punishable as a felony in Arizona.

The trial court denied the motion and used the conviction to enhance defendant's sentence. The trial court sentenced defendant to ten years imprisonment on Count I and 3.75 years on Count II, to be served concurrently.

## DISCUSSION

▪ Ariz.Rev.Stat.Ann. ("A.R.S.") section 13–604(I) provides that felony convictions from foreign jurisdictions may be used to enhance a defendant's sentence.[1] Federal convictions are considered foreign for purposes of A.R.S. section 13–604(I). *State v. Wilson,* 152 Ariz. 127, 129, 730 P.2d 836, 838 (1986). In order for a foreign conviction to be used for enhancement, the underlying foreign offense must include all the elements necessary to constitute a felony offense in Arizona. *Id.* The sentencing court "must be sure that the fact finder· in the prior case actually found beyond a reasonable doubt that the defendant had committed every element that would be required to prove the Arizona offense." *State v. Clough,* 171 Ariz. 217, 219–20, 829 P.2d 1263, 1265–66 (App. 1992).

Defendant's prior federal conviction resulted from a violation of 18 U.S.C. § 2113(a) and (d). Section 2113(a) provides:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank ...; or

Whoever enters or attempts to enter any bank ..., with intent to commit in such bank ... any felony affecting such bank ... and in violation of any statute of the United States, or any larceny—

Shall be fined not more that $5,000 or imprisoned not more than twenty years, or both.

Section 2113(d) provides:

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsection[ ] (a) ... of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more that $10,000 or imprisoned not more than twenty five years, or both.

Section 2113(d) does not constitute a separate offense, but merely enhances the penalty for a violation of the underlying subsection. *United States v. Bosque,* 691 F.2d 866, 868 n. 2 (9th Cir.1982). Consequently, defendant's prior conviction was for a violation of either the first or second paragraph of § 2113(a) as enhanced by § 2113(d).

Defendant argues that the underlying federal offense would not necessarily constitute a felony in Arizona. The state responds that a conviction under either paragraph of § 2113(a) is the equivalent of a felony in Arizona and that, in any event, the conduct necessary to enhance the penalty under § 2113(d) would necessarily constitute an Arizona felony. We therefore consider the elements of defendant's federal conviction.

### I. *18 U.S.C. § 2113(d)*

▪ The state argues that, regardless whether a conviction under either paragraph of § 2113(a) would constitute a felony in Arizona, the conduct necessary for the enhancement under § 2113(d) is the equivalent of a felony in Arizona. The state maintains that defendant could not have been convicted under § 2113(d) without having also committed either the Arizona felony of aggravated assault or attempted aggravated assault.

The Arizona definition of assault most beneficial to the state is "[i]ntentionally placing another person in reasonable apprehension of imminent physical injury." A.R.S. § 13–1203(A)(2).[2] A person may come within the

---

1. This section has since been renumbered as A.R.S. section 13–604(N). 1993 Ariz.Sess. Laws, Ch. 255, § 7.

2. Assault under section 13–1203 is a misdemeanor. If committed with a deadly weapon or dangerous instrument, however, the offense is aggravated assault and is a felony. *See* A.R.S. § 13–

1204(A)(2). Because 18 U.S.C. § 2113(d) requires the use of a deadly weapon or device, *see Simpson v. United States,* 435 U.S. 6, 11 n. 6, 98 S.Ct. 909, 912 n. 6, 55 L.Ed.2d 70 (1978), if a conviction under that statute constituted assault in Arizona, it would necessarily be aggravated assault, a felony.

terms of § 2113(d), however, by merely "put[ting] in jeopardy the life of any person by the use of a dangerous weapon or device." There is no requirement under § 2113(d) that the defendant intend to place the victim in reasonable apprehension of imminent physical injury nor that the victim actually apprehend the impending injury. A person's life may be placed in jeopardy without the person apprehending that risk.

Section 2113(d) alone is therefore insufficient to necessarily constitute a felony in Arizona. To be used for enhancement, then, both paragraphs of § 2113(a) must pass the *Clough* test. For the following reasons, however, we conclude that neither paragraph does so.

## II. First Paragraph of 18 U.S.C. § 2113(a)

■ The state asserts that a violation of the first paragraph of § 2113(a) would necessarily be punishable as a felony in Arizona as robbery or attempted robbery. Arizona's robbery statute provides:

> A person commits robbery if in the course of taking any property of another from his person or immediate presence and against his will, such person threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property.

A.R.S. § 13–1902(A).

Defendant responds that the two statutes are not equivalent because the federal robbery statute requires proof of only general intent while robbery in Arizona requires the greater proof of specific intent. Because a person can be convicted under the first paragraph of § 2113(a) without proof of specific intent, defendant contends, and we agree, that a conviction under that statute cannot be used for enhancement purposes in Arizona.

California has addressed this same issue under an enhancement provision similar to Arizona's. *See People v. Enriquez*, 159 Cal. App.3d 1, 205 Cal.Rptr. 238 (1984). The

California court in *Enriquez* held that a prior conviction under the first paragraph of § 2113(a) could not be used to enhance the defendant's sentence because the California robbery statute required specific intent while the federal statute, in the Ninth Circuit, did not. *See id.* at 5, 205 Cal.Rptr. 238.[3]

The reasoning of the California court in *Enriquez* applies equally well when comparing the federal statute to the Arizona robbery statute. Defendant was convicted under § 2113(a) in the Ninth Circuit, where bank robbery under the first paragraph of § 2113(a) does not require specific intent. *See, e.g., United States v. Smith*, 638 F.2d 131, 132 (9th Cir.1981); *United States v. Lemon*, 550 F.2d 467, 470 n. 1 (9th Cir.1977). The specific intent referred to by the Ninth Circuit cases is the intent to deprive the victim of his property. *See United States v. Klare*, 545 F.2d 93, 94 (9th Cir.1976), *cert. denied*, 431 U.S. 905, 97 S.Ct. 1699, 52 L.Ed.2d 390 (1977); *United States v. Porter*, 431 F.2d 7 (9th Cir.), *cert. denied*, 400 U.S. 960, 91 S.Ct. 360, 27 L.Ed.2d 269 (1970).

In Arizona, on the other hand, robbery does require proof of specific intent. *State v. Celaya*, 135 Ariz. 248, 252, 660 P.2d 849, 853 (1983). In *State v. Yarbrough*, 131 Ariz. 70, 638 P.2d 737 (App.1981), this court held that theft was a lesser-included offense of robbery. *See also Celaya*, 135 Ariz. at 252, 660 P.2d at 853. The theft statute requires that the defendant "[c]ontrol property of another with the intent to deprive him of such property." A.R.S. § 13–1802(A)(1). This court held in *Yarbrough* that a "taking of property ... as required by A.R.S. § 13–1902(A) defining robbery necessarily includes an exercise of control over property as contemplated by the definition of theft in A.R.S. § 13–1802(A)(1)." 131 Ariz. at 72–73, 638 P.2d at 739–80. Under *Yarbrough* and *Celaya*, therefore, robbery in Arizona requires the specific intent to deprive the victim of his property. *See also State v. Evans*, 109 Ariz. 491, 493, 512 P.2d 1225, 1227 (1973).

---

**3.** We note that *Enriquez* has been superseded by statute. California amended its enhancement statute in 1988 to include convictions under § 2113(a). *People v. Guerrero*, 19 Cal.App.4th 401, 405–06, 23 Cal.Rptr.2d 803 (1993), *cert.* denied, —— U.S. ——, 114 S.Ct. 2686, 129 L.Ed.2d 819 (1994). California also now looks at the entire record of the prior conviction, rather than merely the elements of the offense. *Id.* 19 Cal.App.4th at 405, 23 Cal.Rptr.2d 803.

Accordingly, because the first paragraph of § 2113(a), as interpreted by the Ninth Circuit, does not require proof of specific intent to deprive the victim of property, while robbery in Arizona does require such proof, defendant's prior felony conviction could have arisen from conduct that would not have constituted a felony in Arizona. A federal conviction in the Ninth Circuit under the first paragraph of § 2113(a), therefore, cannot be used as a prior felony conviction to enhance defendant's sentence.

### III. Second Paragraph of 18 U.S.C. § 2113(a)

 Although the failure of the first paragraph of § 2113(a) to withstand the *Clough* test is sufficient to vacate defendant's sentence, we nevertheless address the parties' arguments concerning the second paragraph of § 2113(a).

The state argues that a conviction under the second paragraph of § 2113(a) would necessarily constitute the felony of burglary in Arizona. In Arizona, a defendant commits burglary in the third degree "by entering or remaining unlawfully in or on a nonresidential structure ... with the intent to commit any theft or any felony therein." A.R.S. § 13–1506(A).

Contrary to the state's position, however, a person can violate the second paragraph of § 2113(a) without committing the Arizona felony of burglary. Section 2113(a) is violated by entering a bank with the intent to commit any federal felony. *See Jerome v. United States,* 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640 (1943) Not all federal felonies, however, are felonies in Arizona; if all federal felonies were Arizona felonies, the *Clough* test would be unnecessary. Moreover, the term "felony" in the Arizona burglary statute refers only to Arizona felonies. *See* A.R.S. § 13–105(13) (defining "felony" as "an offense for which a sentence to a term of imprisonment in the custody of the state department of corrections is authorized by any law of this state.").

A defendant can thus be convicted under the second paragraph of § 2113(a) for entering a bank with the intent to commit an act that constitutes a federal felony but not an Arizona felony. Such conduct would not be punishable as a burglary under A.R.S. section 13–1506. Accordingly, we cannot say with certainty "that the fact finder in the prior case actually found beyond a reasonable doubt that ... defendant had committed every element that would be required to prove" a felony in Arizona. *See Clough,* 171 Ariz. at 219–20, 829 P.2d at 1265–66. We therefore conclude that the trial court erred in denying defendant's motion to strike.

### CONCLUSION

Because a conviction under 18 U.S.C. § 2113(a) and (d) is not necessarily the equivalent of a felony violation in Arizona, we conclude that the trial court erred in denying defendant's motion to strike. Also, we have searched the record for fundamental error pursuant to A.R.S. section 13–4035 and have found none. We therefore vacate defendant's sentence and remand for resentencing.

FIDEL, P.J., and GARBARINO, J., concur.