113 F.3d 1244
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Janine WESLEY, Defendant-Appellant.
 No. 96-30258.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997.*
Decided May 8, 1997.
 
 Before: LAY,** BEEZER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Janine Wesley appeals her jury-trial conviction for misprision of a felony (18 U.S.C. § 4) and accessory after the fact to an assault resulting in serious injury (18 U.S.C. § 3). She argues: 1) that her indictment was insufficiently precise to inform her of the nature of the charges against her or to protect her Double Jeopardy rights; 2) that there was insufficient evidence to support her conviction; and 3) that a jury instruction regarding misprision allowed the jury to convict Wesley based on an impermissible inference. Because we find no merit in Wesley's claims, we affirm.
 
 Sufficiency of the Indictment
 
 3
 We review de novo Wesley's claim that the indictment was insufficient. United States v. Jackson, 72 F.3d 1370, 1380 (9th Cir.1995), cert. denied, 116 S.Ct. 1546 (1996). An indictment must provide the essential facts necessary to apprise a defendant of the crime charged; it need not specify the theories or evidence upon which the government will rely to prove those facts. United States v. Jenkins, 884 F.2d 433, 438-39 (9th Cir.1989). An indictment is usually sufficient if it tracks the words of the applicable statute and unambiguously sets forth all the elements of the offense. United States v. Fitzgerald, 882 F.2d 397, 399 (9th Cir.1989). When the indictment charges one as an accessory after the fact, it must specify the underlying offense, as well as the accessory offense. United States v. McLennan, 672 F.2d 239, 243 (9th Cir.1982).
 
 
 4
 The superseding indictment tracks the language of the statutes under which Wesley was charged and identifies all of the elements of the misprision and accessory charges. It specifies the underlying crime to which Wesley is charged as an accessory and provides a four-paragraph description of the facts surrounding the underlying crime. It is not necessary for the indictment to specify the exact manner in which Wesley assisted in the underlying felony. See Jenkins, 884 F.2d at 438-39. The indictment was more than sufficient to enable Wesley to prepare a defense and to satisfy the demands of the Double Jeopardy Clause.
 
 Sufficiency of the Evidence
 
 5
 Wesley next contends that the evidence is insufficient to support her conviction because the government failed to prove both the identity and the mental state of Eva Marie Sam's assailant. The identity of the principal is not an element of either a misprision or an accessory charge. See United States v. Ciambrone, 750 F.2d 1416, 1417 (9th Cir.1984) (stating elements of misprision under 18 U.S.C. § 4); 18 U.S.C. § 3 (codifying the crime of accessory after the fact). Thus, whether the Government proved the identity of the perpetrator is irrelevant. Lancey v. United States, 356 F.2d 407, 409 (9th Cir.1966).
 
 
 6
 We also reject Wesley's contention that the Government offered insufficient evidence to prove the intent of the assailant. Assault is a general intent crime. United States v. Loera, 923 F.2d 725, 728 (9th Cir.1991). To establish the intent element of assault, the Government need only prove that the beating was a voluntary act. Id.
 
 
 7
 At trial, two of Eva's treating physicians testified that the injuries inflicted on the infant resulted from intentional child abuse. This evidence, combined with the evidence of the nature and extent of Eva's injuries, is more than sufficient for a rational jury to find that someone in the Wesley household intentionally abused Eva.
 
 
 8
 Wesley also suggests that the Government failed to prove that she had any actual knowledge of Eva's abuse. Yet at trial, Dr. Harthcock testified that Eva's injuries had been inflicted in the twenty-four-hour period prior to her arrival at the hospital and that Eva would have reacted to her injuries by screaming in pain. In Wesley's statement to Agent Burnett, Wesley indicated that she had been home all day and that Eva had not shown any signs of injury. From Dr. Harthcock's testimony and Wesley's statement, the jury rationally could infer that Wesley had actual knowledge of the assault and lied to Agent Burnett to protect one of her family members.
 
 Jury Instruction No. 16
 
 9
 Finally, Wesley contends that the jury instructions allowed the jury to make an unconstitutional presumption or inference in finding the elements of misprision. We review such a challenge de novo. United States v. Warren, 25 F.3d 890, 897 (9th Cir.1994).
 
 The challenged instruction provided that:
 
 10
 Mere silence, without some affirmative act, is insufficient evidence to prove the concealment of a crime under a charge of misprision of a felony. Making an untruthful statement to conceal the commission of a crime would be such an affirmative step.
 
 
 11
 This instruction is not an unconstitutional inference instruction. In fact, it is simply a correct statement of the law. See United States v. Hodges, 566 F.2d 674, 675 (9th Cir.1977) (making an untruthful statement to conceal an offense is an affirmative act sufficient to sustain a misprision charge). We find no error in the challenged jury instruction.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3